# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| v. | ) | |
| Mario Laureano Vasquez Hernandez, | ) | Case No. 5:25-MJ- 172 (ML) |
| | ) | |
| **Defendant.** | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of June 6, 2025 in the county of Jefferson in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326 | Illegal Re-Entry |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*
Evan Drake, Border Patrol Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: June 9, 2025

_____
*Judge's signature*

City and State: Binghamton, New York

Hon. Miroslav Lovric, U.S. Magistrate Judge
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Evan Drake, being duly sworn, deposes and says that:

**I.  Introduction**

1. I am a Border Patrol Agent with the United States Department of Homeland Security ("DHS"), Customs and Border Protection ("CBP"). I have been so employed since August 2009. As a part of my duties at CBP, I have investigated violations of the United States Code, including violations of Title 8, United States Code, Section 1326.

2. This affidavit is made in support of an application for a criminal complaint charging Vasquez Hernandez, Mario Laureano ("Vasquez Hernandez") with a violation of Title 8, United States Code, Section 1326 (Re-Entry of Removed Aliens).

3. The information contained in this affidavit is based upon my investigation of this matter and on information provided by other law enforcement agents. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that Vasquez Hernandez illegally reentered the United States after previously being ordered removed.

**II.  Investigation and Factual Basis for the Complaint**

4. On June 6, 2025, United States Border Patrol (USBP) encountered Vasquez Hernandez near the Aviagen Hatchery in Watertown, New York while conducting surveillance as part of an ongoing investigation into the use of personal vehicles to transport undocumented workers to and from the hatchery. One of these vehicles was a blue dodge grand caravan bearing

1

New York registration HVG3341. The blue dodge grand caravan was observed departing the Aviagen Hatchery parking lot with multiple occupants inside. A vehicle stop was conducted on the blue dodge grand caravan a short distance from the hatchery in Watertown, New York for an immigration inspection. Vasquez Hernandez was one of the occupants identified in the vehicle and was unable to produce immigration documentation that would allow him to be or remain in the United States legally. Vasquez Hernandez was detained by USBP and transported to the Wellesley Island Border Patrol Station. After his apprehension, a complete set of biometrics were electronically captured from Vasquez Hernandez and submitted to the Federal Bureau of Investigation ("FBI") Identification Division and queried against DHS's Automated Biometric Identification System ("IDENT"). This query produced a positive biometric match with Mario Laureano Vasquez Hernandez, Alien number 209122193 and FBI number 3CV1AELN8.

5. Enforce Alien Removal Module (EARM) records confirmed that Vasquez Hernandez is a native and citizen of Guatemala and has no lawful status within the United States.

6. Subsequent records check through Federated Person Query 2 (FPQ2) internal system confirmed that, on or about June 30, 2016, Vasquez Hernandez was arrested by USBP in Sasabe, Arizona. After his arrest, he was served a Notice and Order of Expedited Removal, ordering him removed to Guatemala.

7. On or about July 15, 2016, Vasquez Hernandez was physically removed from the United States at the Phoenix International Airport.

8. At no point between his removal on July 15, 2016, and the date he was found in the United States, did Vasquez Hernandez obtain the express consent of the Attorney General of the

United States, or her successor, the Secretary of Homeland Security, to lawfully reenter the United States.

9. After being encountered by law enforcement on June 6, 2025, Vasquez Hernandez was advised his rights via form I-215B, knowingly waived those rights, and was willing to give a sworn statement to law enforcement. As part of his statement, Vasquez Hernandez provided his true and correct name of Mario Laureano Vasquez Hernandez and confirmed that he is and always has been a citizen of Guatemala. Vasquez Hernandez also admitted climbing over the fence into the United States illegally through Arizona after being previously removed.

**III. Conclusion**

10. Based upon the above information, there is probable cause to believe that Vasquez Hernandez has violated Title 8, United States Code, Section 1326 (Re-Entry of Removed Aliens).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Evan Drake, Border Patrol Agent
U.S. Department of Homeland Security

I, the Honorable Miroslav Lovric, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by video conferencing on June 9, 2025, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Miroslav Lovric
United States Magistrate Judge